UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JASON SAUNDERS, | ) | 1:07-CV-00606 LJO NEW (DLB) HC |
| Petitioner, | ) | |
| v. | ) | FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS |
| F. NUNEZ, et al., | ) | [Doc. #8] |
| Respondents. | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**BACKGROUND**

Petitioner is currently in the custody of the California Department of Corrections at the Corcoran Substance Abuse Treatment Facility serving a 12 year term in state prison. See Exhibit 1, Respondent's Motion to Dismiss (hereinafter "Motion"). Petitioner challenges a prison disciplinary hearing held on January 17, 2003, wherein Petitioner was found guilty of delaying a police officer and assessed a 90-day loss of time credits. See p. 2, Petition. Petitioner administratively appealed the decision; the final administrative appeal was denied on June 10, 2003. Id. at 3.

Petitioner filed several collateral challenges in the state courts. On May 9, 2003, Petitioner

1  filed a petition for writ of habeas corpus in the Los Angeles County Superior Court. See Exhibit 1,
2  Motion. The superior court denied the petition on July 7, 2003. Id.  Petitioner then filed a petition for
3  writ of habeas corpus in the California Court of Appeals, Second Appellate District, on August 19,
4  2003. Id. The petition was summarily denied on August 21, 2003. Id. On January 9, 2004, Petitioner
5  filed a petition for writ of habeas corpus in the California Supreme Court in Case No. S121819. Id.
6  The petition was denied on January 19, 2005. See Exhibit 1 to Respondent's Motion to Dismiss in
7  Case No. 1:06-CV-00750-AWI-LJO-HC.[1] On December 13, 2006, Petitioner filed a petition for writ
8  of habeas corpus in the California Supreme Court in Case No. S148736.[2] The petition was denied on
9  March 14, 2007.

   On April 20, 2007, Petitioner filed the instant petition for writ of habeas corpus in this Court.
Respondent filed a motion to dismiss the petition on August 20, 2007, for violating the statute of
limitations and failure to exhaust state remedies. Petitioner filed an opposition on September 13,
2007.

### DISCUSSION

I.  Procedural Grounds for Motion to Dismiss

   Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition . . . that the petitioner is not entitled to relief." See also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990).

   The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for

---

[1] This Court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244 (9th Cir.1992); see also MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

[2] The Court hereby takes judicial notice of Case No. S148736 filed in the California Supreme Court. U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244 (9th Cir.1992)

1  state procedural default); <u>Hillery v. Pulley</u>, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same).
2  Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court
3  should use Rule 4 standards to review the motion. See <u>Hillery</u>, 533 F. Supp. at 1194 & n. 12.
4          In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C. 2244(d)(1)'s
5  one-year limitations period and for failure to exhaust. Accordingly, the Court will review
6  Respondent's motion to dismiss pursuant to its authority under Rule 4.
7  <u>II. Exhaustion of State Remedies</u>
8          A petitioner who is in state custody and wishes to collaterally challenge his conviction by a
9  petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The
10 exhaustion doctrine is based on comity to the state court and gives the state court the initial
11 opportunity to correct the state's alleged constitutional deprivations. <u>Coleman v. Thompson</u>, 501
12 U.S. 722, 731 (1991); <u>Rose v. Lundy</u>, 455 U.S. 509, 518 (1982); <u>Buffalo v. Sunn</u>, 854 F.2d 1158,
13 1163 (9th Cir. 1988).
14         A petitioner can satisfy the exhaustion requirement by providing the highest state court with a
15 full and fair opportunity to consider each claim before presenting it to the federal court. <u>Duncan v.
16 Henry</u>, 513 U.S. 364, 365 (1995); <u>Picard v. Connor</u>, 404 U.S. 270, 276 (1971); <u>Johnson v. Zenon</u>, 88
17 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full
18 and fair opportunity to hear a claim if the petitioner has presented the highest state court with the
19 claim's factual and legal basis. <u>Duncan</u>, 513 U.S. at 365 (legal basis); <u>Kenney v. Tamayo-Reyes</u>, 504
20 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).
21         In the petition before the Court, Petitioner challenges a January 17, 2003, disciplinary hearing
22 wherein Petitioner was found guilty of delaying a peace officer resulting in a cell extraction. As
23 correctly pointed out by Respondent, the state court proceedings referred to by Petitioner,
24 specifically, the first three collateral challenges culminating with the petition filed in the California
25 Supreme Court (Case No. S121819), involved a disciplinary hearing held on February 22, 2002,
26 wherein Petitioner was found guilty of refusing to obey orders. Therefore, as correctly argued by
27 Respondent, these three petitions do not serve to exhaust Petitioner's state remedies.
28         In his opposition, Petitioner now refers to another state petition filed in the California

Supreme Court (Case No. S148736). Petitioner contends that this petition, which was filed on December 13, 2006, and denied on March 14, 2007, served to exhaust his state remedies. Petitioner does not submit a copy of this petition, nor has Respondent replied to Petitioner's contention. Thus, the Court cannot determine whether Petitioner in fact exhausted his state remedies. Nevertheless, because the instant petition is untimely, it is not necessary to resolve this issue.

III.  Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA").  The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997).

In this case, the petition was filed on April 20, 2007, and therefore, it is subject to the provisions of the AEDPA.  The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of  habeas corpus. 28 U.S.C. § 2244(d)(1).  As amended, § 2244, subdivision (d) reads:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitations period begins running on the date that the petitioner's direct

review became final. In a situation such as this where the petitioner is challenging a prison disciplinary action, the Ninth Circuit has held that direct review is concluded and the statute of limitations commences when the final administrative appeal is denied. Redd v. McGrath, 343 F.3d 1077, 1079 (9th Cir.2003) (holding that the Board of Prison Term's denial of an inmate's administrative appeal was the "factual predicate" of the inmate's claim that triggered the commencement of the limitations period). Therefore, the limitations period commenced on June 11, 2003, the day after Petitioner was informed that his administrative appeal had been denied. Under Section 2244(d)(1)(D), Petitioner had one year until June 10, 2004, absent applicable tolling, in which to file his federal petition for writ of habeas corpus. Petitioner did not file his federal petition until April 20, 2007, which was almost three years after the limitations period had expired.

      A. Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief, and the period is tolled during the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the state court system. 122 S.Ct. 2134, 2135-36 (2002); see also Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), cert. denied, 120 S.Ct. 1846 (2000); Welch v. Newland, 267 F.3d 1013, 1016 (9th Cir.2001) ("tolled period includes intervals between the disposition of a state court petition and the filing of a subsequent petition at the next state appellate level"); Patterson v. Stewart, 251 F.3d 1243, 1247 (9th Cir.2001) (stating that the "AEDPA's one-year grace period is tolled during the pendency of properly filed state petitions challenging the judgment or claim at issue."); cf. Dils v. Small, 260 F.3d 984, 986 (9th Cir.2001) (Court found no tolling between consecutive filings at the same level); Lewis v. Mitchell, 173 F.Supp.2d 1057, 1061 (C.D. Cal.2001) (holding that the interval between a motion for sentence modification in the state superior court and a habeas petition in the superior court was not tolled pursuant to 28 U.S.C. § 2244(d)(2)).

In this case, although Petitioner filed four post-conviction collateral challenges, none of them

served to toll the limitations period. The first three petitions as Petitioner concedes involved a different disciplinary proceeding. As such, they could not toll the limitations period because they did not challenge the pertinent judgment or claim. 28 U.S.C. § 2244(d)(2). The fourth and final collateral challenge did involve the pertinent judgment; however, it was not filed until December 13, 2006, almost two and one-half years after the limitations period had expired.  Because the limitations period had already expired, the collateral challenge had no tolling consequence. Green v. White, 223 F.3d 1001, 1003 (9th Cir.2000) (Petitioner is not entitled to tolling where the limitations period has already run); see also Webster v. Moore, 199 F.3d 1256 (11th Cir.2000); Rendall v. Carey, 2002 WL 1346354 (N.D.Cal.2002).

In his opposition, Petitioner argues he should be given tolling for the time his prior federal habeas petitions were pending in federal court. Petitioner's argument is without merit, since a federal action does not qualify to toll the statute of limitations. Duncan v. Walker, 533 U.S. 167, 181-82 (2001).

For the foregoing reasons, the instant petition is untimely.

B. Equitable Tolling

The limitations period is subject to equitable tolling if the petitioner demonstrates: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); see also Irwin v. Department of Veteran Affairs, 498 U.S. 89, 96 (1990); Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998), citing Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1996), cert denied, 522 U.S. 814 (1997). Petitioner bears the burden of alleging facts that would give rise to tolling. Pace, 544 U.S. at 418; Smith v. Duncan, 297 F.3d 809 (9th Cir.2002); Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th Cir.1993).

In his opposition, Petitioner contends he should be given equitable tolling for the time he was litigating his claims in this Court in a previous case. See Case No. 1:06-00750-AWI-NEW-(DLB)-HC. In that case, Petitioner raised the same claims he does here. The petition was dismissed for failure to exhaust state remedies. Petitioner argues he was confused as to which state petitions served to exhaust his state remedies. Nevertheless, his confusion does not amount to an extraordinary

circumstance that stood in his way. In any case, even if Petitioner were granted equitable tolling for this time period, the statute of limitations had already expired two years before.

Petitioner also argues he should be given equitable tolling because Respondent has thwarted his access to his materials over the course of time. Petitioner's assertion is not supported by any specific facts in that he does not allege how and when his materials were confiscated. Moreover, his claims are belied by the fact that he filed three collateral challenges in state court during the limitations period in 2003 and 2004. There was no delay in Petitioner seeking his state remedies at each level of the state courts while Petitioner was challenging his 2002 disciplinary hearing. Moreover, Petitioner states in his 2004 habeas petition to the California Supreme Court that he experienced "no delay in pursuing further review other than fact that Petitioner ASU'd [sic] on 9/2/03 and received instant materials from property on 12/17/03." See Exhibit 1 to Respondent's Motion to Dismiss in Case No. 1:06-CV-00750-AWI-LJO-HC. Therefore, Petitioner has not demonstrated that some extraordinary circumstance prevented him from timely filing the instant petition or that he acted diligently. Therefore, he is not entitled to equitable tolling.

**RECOMMENDATION**

Accordingly, the Court HEREBY RECOMMENDS that Respondent's motion to dismiss be GRANTED and the habeas corpus petition be DISMISSED with prejudice for violating the limitations period.

This Findings and Recommendation is submitted to the Honorable Lawrence J. O'Neill, United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.

Within thirty (30) days after being served with a copy of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the Objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the Objections.  The Finding and Recommendation will then be submitted to the District Court for review of the Magistrate Judge's ruling pursuant to 28 U.S.C. §

1  636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may
2  waive the right to appeal the Order of the District Court. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir.
3  1991).
4       IT IS SO ORDERED.
5       **Dated:   September 27, 2007**          **/s/ Dennis L. Beck**
                                                  UNITED STATES MAGISTRATE JUDGE